UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA            :       07 Cr 488 (LAK)
                                                    :
            -v-                                    :       SENTENCING LETTER
                                                    :
DWAYNE MAYES          ,                :
                                                    :
            Defendants.                       :
                                                    :
-------------------------------------------------------------X


**SENTENCING LETTER**









By: Xavier R. Donaldson, Esq.
Law Offices of Donaldson, Chilliest & McDaniel, LLP
Attorneys for Defendant Dwayne Mayes
103 East 125th Street, Suite 1102
New York, New York 10035
(212) 722-4900

Xavier R. Donaldson
Anthony S. Chilliest
Erika McDaniel Edwards*
Thomas B. Donaldson
*Member NY, NJ & GA Bars

**DONALDSON, CHILLIEST & McDANIEL, LLP**
Attorneys at Law
103 East 125th Street, Suite 1102
New York, New York 10035
Telephone (212) 722-4900
Facsimile (212) 722-4966

Ozro Thaddeus Wells
Of Counsel

622 Bloomfield Avenue, lower level
Bloomfield, New Jersey 07003
(973) 743-4700

February 20, 2008

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *United States v Dwayne Mayes*
                07 Cr 488 (LAK)

Dear Judge Kaplan:

      As this Court is aware, Mr. Mayes pled guilty to count one of the above referenced indictment. Please accept this letter on behalf of Mr. Mayes related to his sentencing scheduled for February 22, 2008.

      On October 9, 2007, Mr. Mayes plead guilty to violating 18 USC 641. 18 USC 641 is a Class C Felony with a maximum penalty of ten (10) years imprisonment. Specifically, Mr. Mayes rented a Section 8 Apartment in Bronx New York from 1997 to 2006. Section 8 Apartments are administered by the New York City Housing Authority for the U.S. Department of Housing and Urban Development (HUD) that provides apartments for qualified low income individuals who meet certain eligibility requirements. After the government determines that an individual is qualified, the Government will pay a qualified landlord the difference between what the Section 8 tenant can afford and what the qualified landlord charges for rent.

      Pursuant to certain rules, Mr. Mayes was required to accurately complete "Affidavits of Income" on an annual basis documenting how much income he made and/or was received in his household. During the period of 1997-2006, Mr. Mayes did not accurately complete the "Affidavits of Income" that were required. As such, Mr. Mayes received some rent subsidies that he was not entitled.

      After an investigation by the Department of Investigation (DOI), Mr. Mayes was arrested on May 8, 2007. As stated above, Mr. Mayes acknowledged his guilt to the aforementioned offense on October 9, 2007 and stands ready to be sentenced on February 22, 2008.

As this Court is aware, prior to Mr. Mayes being sentenced, the Court must consider the factors articulated in 18 USC 3553. These factors include the characteristics of the defendant, consideration of the seriousness of the offense, just punishment and respect for the law, protection of the public, deterrence and the kinds of sentence available to the Court.

Mr. Mayes will rely heavily on the Pre-Sentence Report prepared by the Department of Probation. That report accurately reflects the characteristics of the Defendant. He is a forty-five (45) year old man with three siblings. He grew up in New York. His father was a jeweler and his mother a licensed practical nurse. Ironically, his mother's profession did not prevent her from physically and mentally abusing Mr. Mayes as a child. Indeed, as a toddler, Mr. Mayes' mother used hot cooking oil to burn a question mark in his head which remains to this day. After this occurred, Mr. Mayes was removed from the home and place with his Aunt. This physical, and clearly mental abuse, adversely affected the mental development of Mr. Mayes for years and the question mark in his head causes Mr. Mayes to continually ask himself "why did this happen to me"?

Unquestionably, the conduct of Mr. Mayes mother was debilitating. Indeed, in the early 1990's Mr. Mayes was suffering from major depression and received treatment at Fordham Tremont Community Mental Health Center for approximately three (3) years and Soundview Mental health Treatment Center for another three (3) years. Moreover, his depression caused him to use drugs and sell drugs in order to support his habit. This behavior led to his conviction for selling narcotics in April of 1995.

Mr. Mayes, however, has attempted to thrive notwithstanding the physical and mental abuse at the hands of his mother. He is currently attending Hunter College majoring in sociology. Moreover, since 2004, Mr. Mayes has worked at the City University of New York (CUNY) as a career development specialist for Worker Education. Indeed, Mr. Mayes is no stranger to work. From 1990-1992, Mr. Mayes worked as a homelessness prevention specialist for the Community food Resource Center. From 1992-1994, Mr. Mayes worked as a residence manager at Part of the Solution. From 1994-1997, Mr. Mayes worked as a case manager at The Miracle Makers and from 2001-2004, Mr. Mayes worked as an employment coordinator and program director for New York Works. Mr. Mayes work history involving helping others clearly indicates that notwithstanding this current conviction, Mr. Mayes enjoys helping others.

Undeniably, the current conviction is the result of a serious charge. We, however, agree with the probation department that a sentence of "time served", supervised release and restitution will reflect the seriousness of the offense, promote respect for the law and provide just punishment. As stated above, Mr. Mayes is currently employed and a productive member of society. Supervised release will assure that he maintains a law abiding lifestyle. Moreover, Mr. Mayes is the sole supporter of his daughter, Hope Mayes (15) and a sentence of "time served" will allow Mr. Mayes to maintain employment and continue Hope's support.

Additionally, a sentence of "time served" will afford adequate general deterrence and specific deterrence to Mr. Mayes. As a result of this conduct, Mr. Mayes has had to suffer the indignity facing his daughter and informing of her of his illegal conduct and the very real possibility of losing his job.

## UNITED STATES SENTENCING GUIDELINES ANALYSIS

The applicable guideline for violating 18 USC 641 is Section 2B1.1. Under section 2B1.1, the base offense level is **6.** The PSR states that Mr. Mayes improperly received $41,166 in benefits. Recently, however, the defense provided the Government with information that both parties agree make the loss amount $26,000.00. As such, because the loss amount was more than $10,000.00 but less than $30,000.00, the base offense level is increased by **4** points equaling a total level of **10.** Because Mr. Mayes accepted responsibility, his base level is reduced **2** points equaling a total level of **8.** We agree with the PSR report that no other adjustments are relevant and that because of Mr. Mayes prior criminal conviction and probation status, Mr. Mayes has a criminal history category of II. As such, Mr. Guidelines Range is **4-10 months.**[1]

## POLICY CONSIDERATIONS

Mr. Mayes would like the Court to consider his educational background (several semesters studying college), his family ties (he is the sole supporter for his teenage daughter) and his employment record (prior to incarceration, he worked consistently for several years). Although the Sentencing Commission has concluded that these are not "ordinarily" relevant in determining a departure, this Circuit has ruled that the "...Guidelines limitations on the use of factors to permit departures are no more binding on sentencing judges than the calculated guidelines ranges themselves." *U.S. v. Jones*, 2006 U.S. App. Lexis 19789 (8/2/06). As such, the Court is free to use these factors to accord Mr. Mayes a non-Guideline sentence of "time served" which we believe is reasonable.

CONCLUSION

Accordingly, Mr. Mayes believes that a non-Guidelines sentence of "time served", restitution and supervised release is reasonable.

---

[1] We acknowledge the accuracy of the Criminal History Category computation but maintain that his criminal history overstates the seriousness of the prior criminal conduct and the likelihood of recidivism. As stated earlier, we believe that Mr. Mayes conviction of drug selling was more related to his desire to support his habit than any profit motive. Moreover, Mr. Mayes completed his probation without incident and has illustrated a complete desire to be a productive member of society by zealously maintaining gainful, service oriented employment.

Respectfully submitted,

Xavier R. Donaldson
Attorney for Dwayne Mayes

Cc:   Assistant U.S. Attorney
      Randall Jackson